IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RODNEY LEE MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-CV-801 |
| | ) | |
| SERGEANT GARY HUNT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, an inmate in a North Carolina prison after conviction of a crime, filed suit alleging that three detention officers, defendants Hunt, Reese, and Hicks, assaulted him in violation of the Eighth Amendment. Doc. 2; see Doc. 91 at n. 1. Defendants Reese and Hunt have moved for summary judgment. The Magistrate Judge has recommended that those motions be granted as to Mr. Montgomery's official capacity claims and denied as to the individual capacity claims. Doc. 91. Mr. Reese objects to the denial of summary judgment on the individual capacity claims against him. Doc. 93. No other party has objected. The Court has reviewed the recommendation *de novo* as to all matters raised in the objection and has otherwise reviewed it for plain error. The Court adopts the Recommendation in full, as supplemented here.

In his verified complaint, Doc. 2 at 5-10, Mr. Montgomery alleges that defendant Hunt repeatedly and without provocation or legitimate reason pepper-sprayed him while he was in his cell. Defendant Reece then removed Mr. Montgomery from his cell and moved him to the decontamination area, where Mr. Reece hit Mr. Montgomery in the

face and kicked him, all without reason or provocation. Mr. Reece was eventually taken to the nurse's station, who immediately instructed that Mr. Montgomery needed to go to the hospital. Doc. 9 at 10.

Mr. Montgomery told ER personnel that he was assaulted, with trauma to the face, chest, and abdomen and a brief loss of consciousness. Doc. 89 at 2. Records show he had swelling around his eyes, Doc. 89 at 3, and "signs of injury" were "present." Doc. 89 at 4. A CT scan of his torso showed a suggestion of soft tissue swelling on his back and flank. Doc. 78-17 at 14-15. A CT scan of his head at 7:17 p.m. showed mild swelling with no fracture or acute hemorrhage. Doc. 78-17 at 6, 8. A CT scan of his head taken earlier that day, before the events at issue, did not show any swelling. *Id.* at 6. He was given a printout about concussions. Doc. 89 at 1.

Defendants Hunt and Reese offer evidence that Mr. Montgomery was kicking his cell door, creating a security risk by damaging the mechanisms and locking system of the door, that he refused direct orders to stop kicking the door, and that after a burst of pepper spray was used in an effort to enforce compliance and restore order, Mr. Montgomery began throwing water from the toilet and continued kicking. *See, e.g.*, Doc. 78-3 (Reese Affidavit); Doc. 78-9 (Hunt Affidavit). After another burst of pepper spray, the plaintiff submitted, was handcuffed, decontaminated, and taken for medical evaluation. Defendant Reese denies striking Mr. Montgomery at any time. Doc. 78-3 at ¶ 9.

This evidence presents disputed questions of material fact as to whether the defendants used excessive force in violation of Mr. Montgomery's constitutional rights. Summary judgment is inappropriate.

Defendant Reese contends that the medical records are inconsistent with the assault Mr. Montgomery describes, making an inference of assault implausible. That is an argument more appropriately directed to the jury. Mr. Montgomery has presented direct evidence – his own testimony – that he was assaulted, and no inferences are needed for a jury to rule in his favor, if they believe him. The medical records generally support his claims, as the medical providers noted swelling in the areas where Mr. Montgomery says he was kicked.[1] Indeed, the prison's own medical records reflect that Mr. Montgomery was diagnosed with a concussion with loss of consciousness. Doc. 89 at 35. Whether he left against medical advice or not does not affect the analysis of whether the evidence creates a material question of fact.

Mr. Reese also contends that expert testimony is required to link the plaintiff's injuries to the alleged assault by Mr. Reese and, because there is no such expert testimony, summary judgment is required. But temporal proximity of the kind here suffices, since the hospital records showing his injuries were made within a couple of hours of the alleged assault. *See Ziesmer v Hagen*, 785 F.3d 1233, 1238 (8th Cir. 2015). Mr. Reese also argues that Mr. Montgomery's injuries could have been caused by an earlier assault, for which Mr. Montgomery was treated earlier in the day at the same

---

[1] Reese makes an argument about a CT scan and the need for expert testimony in a footnote, Doc. 93 at 7 n.4, but the Court is not required to address such throwaway arguments. *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1320 n.3 (Fed. Cir. 2005) (refusing to address an undeveloped argument raised in a footnote); *Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."); *Cathey v. Wake Forest Univ. Baptist Med. Ctr.*, 90 F. Supp. 3d 493, 509 (M.D.N.C. 2015) ("Although it is tempting for a party to downplay a claim by relegating discussion of it to a footnote, it is not the court's job to undertake the analysis and legal research needed to support such a perfunctory argument").

hospital, so that the temporal proximity inference is inappropriate. The cases that reject this inference because "multiple causes are possible" are generally distinguishable on their facts, such as a long medical history showing pre-existing injuries or "sophisticated" injuries. *See, e.g., Saunders v. Frost*, 124 F. App'x 468, 469 (8th Cir. 2005). That is not the case here, where the medical records show different injuries after the second alleged assault.

Reese contends that the Magistrate Judge erred in considering the complaint as verified. Doc 93 at 14-15. Even if that is so, which the Court need not decide, Mr. Montgomery submitted a declaration under oath that was unquestionably verified, Doc. 88-1, as the Magistrate Judge noted. While not quite as detailed, it essentially says the same thing as the complaint.

In short, the objections raised by defendant Reese are directed to factual disputes and weighing of the evidence, matters more appropriately resolved by a jury. The Magistrate Judge was correct that there are disputed questions of material fact as to the claim against Reese in his individual capacity.

It is **ORDERED AND ADJUDGED** that:

1. The motions for summary judgment by defendant Ronald Reese, Doc. 77, and defendant Gary Hunt, Doc. 84, are **GRANTED in part** and the claims against these defendants in their official capacities are **DISMISSED.** The motions are **DENIED** as to the Eighth Amendment claims against these defendants in their individual capacities and those claims will proceed to trial.

2. The defendant Officer Hicks was served, Doc. 29, but he has not filed an answer. As to this defendant, the plaintiff's Eighth Amendment claims will proceed to trial.

3. Pursuant to the Court's pro bono program, the Clerk shall undertake reasonable efforts to identify counsel willing to represent the plaintiff at trial.

This the 27th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE